UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC SISCO KNEPPER,

          Petitioner,          Case No. 1:11-cv-857

v.                                      Honorable Robert Holmes Bell

CAROL HOWES,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Isaac Sisco Knepper presently is incarcerated at the Lakeland Correctional Facility. He pleaded guilty in the Otsego County Circuit Court to one count of second-degree home invasion, MICH. COMP. LAWS § 750.110a(3), two counts of breaking and entering a building with intent to commit a felony or larceny, MICH. COMP. LAWS § 750.110, and one count of assaulting a police officer, MICH. COMP. LAWS § 750.81d(1).[1] On July 29, 2009, he was sentenced to prison terms of five to fifteen years on the home invasion, four years and nine months to ten years on one of the breaking-and-entering convictions, three years and two months to 10 years on the other breaking-and-entering conviction, and one year and four months to two years on the assaulting-a-police-officer conviction.

Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, raising a single issue:

I. THE DEFENDANT-APPELLANT IS ENTITLED TO RESENTENCING PURSUANT TO [STATE LAW], WHERE THE TRIAL COURT ERRED IN SCORING OV 13 WHICH AFFECTED THE STATUTORY SENTENCING GUIDELINES RANGE AND PUT THE DEFENDANT-APPELLANT'S MAXIMUM MINIMUM SENTENCE ON THREE OF THE CONVICTION OFFENSES OUTSIDE THE APPROPRIATE GUIDELINES RANGE AND WHERE THE ERROR MAY ALSO AFFECT THE DEFENDANT-APPELLANT'S [ELIGIBILITY] FOR PAROLE.

---

[1] Petitioner states that he was convicted of one count of second-degree home invasion and one count of breaking and entering. According to the judgments of sentence attached to the petition, however, Petitioner was sentenced on the same date in four separate cases in which he pleaded guilty to a total of one count of second-degree home invasion, two counts of breaking and entering, and one count of assault on a police officer. (*See* Judgments of Sentence of Case Nos. 09-4056-4059, Attach. to Pet., Page ID##32-35.) The attached judgments correspond with the information maintained on the website of the Michigan Department of Corrections, *see* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=736838.

(Attach. A to Pet., Page ID#4.) The court of appeals denied leave to appeal on September 7, 2010, for lack of merit in the grounds presented. The supreme court denied leave to appeal on March 8, 2011.

In his habeas application, filed August 5, 2011, Petitioner raises the same ground presented to and rejected by the Michigan appellate courts.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial

court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Petitioner's sole claim on habeas review is that the sentencing court improperly scored Offense Variable (OV) 13 at 25 points, resulting in a higher sentencing range on three of the four offenses. Petitioner asserts that the scoring of OV 13 violated state law and deprived Petitioner of due process because his sentence was based on inaccurate information.

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). As a consequence, error in the scoring of the guidelines under state law does not warrant habeas relief.

Petitioner contends, however, that the trial court violated due process in making its sentencing determination because it relied upon inaccurate information. There is no constitutional right to individualized sentencing in non-capital cases. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978) (in a case holding that mitigating factors must be fully considered in death penalty cases, the Court "recognize[d] that, in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes"). However, a sentence may violate due process if it is based upon material "misinformation

of constitutional magnitude." *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner fails to demonstrate that the sentencing court relied on information that was materially false. Under MICH. COMP. LAWS § 777.43(1)(c), OV 13 is scored at 25 points if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person." Petitioner acknowledges in his brief in support of his petition that "Resisting and Obstructing a police officer and one count of Home Invasion Second Degree [] are both crimes against a person." (Pet., Page ID#9.) He argues, however, that the record contains no evidence of a third offense against a person. Contrary to his argument, Petitioner himself admits that, in Case No. 09-4059, he originally was charged with another count of second-degree home invasion. Although that charge was dismissed when Petitioner pleaded guilty to the lesser offense of breaking and entering, the statute provides that "[f]or determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted *regardless of whether the offense resulted in a conviction*." MICH. COMP. LAWS § 777.43(2)(a)

(emphasis added). Moreover, Petitioner does not dispute the fact that the second home invasion happened. Instead, he argues that the complainant in that case admitted that no one was in the house at the time of the home invasion. Such an argument suggests only that the dismissed offense could only properly be considered a second-degree home invasion, not a first-degree home invasion. And, as previously discussed, Petitioner acknowledges that a second-degree home invasion is a crime against a person. The state court therefore reasonably found that the offense conduct in Case No. 09-4059 amounted to home invasion, even though Petitioner was permitted to plead to a lesser offense.

In sum, based on the admissions in his own petition and attachments, Petitioner fails to provide any evidence that the trial court relied on materially false information in scoring OV 13, much less evidence that would undermine the strong presumption that the trial court's factual findings were correct. *See* 28 U.S.C. § 2254(e)(1).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: <u>September 26, 2011</u>                         <u>/s/ Robert Holmes Bell           </u>
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE